# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
WILLIAM BEAL
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 10-20198-3

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  [ ] federal offense  [ ] state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the  [ ] date of conviction  [ ] release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  [x] clear and convincing evidence  [ ] a preponderance of the evidence that

· This is a presumption case. The Government offered the testimony of the lead case agent and proffered the Pretrial Services Report in support of their Motion for Detention.

CONTINUE ON PAGE 2

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| August 17, 2010 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is a 23 year old single male charged by way of indictment with Felony Car-jacking, Aiding and Abetting and Solicitation to Commit a Car-jacking. Defendant and his girlfriend and their four year old son live with Defendant's mother at 18632 Hamburg Street in the City of Detroit. Defendant is currently unemployed. His most recent employment was a four month period at a party rental store beginning in March 2010. Prior to that he was employed in April 2006 for a 7 month period at White Castle Restaurant in Roseville, MI. His states that first reported employment was for a 12 month period at White Castle Restaurant beginning January 2001 (Defendant would have been 14 years old at that time). Defendant has no assets and no liabilities.

Defendant's sister reported that as a child Defendant did see a counselor for a mental condition, the details of which are unknown to her. Defendant denies any physical or mental health issues. Defendant admits to smoking marijuana on a monthly basis.

The facts alleged in this case are that this Defendant solicited his two co-defendants to go to a mall at East Eight Mile and Gratiot roads and car-jack a car with parts that they could sell for money. On March 14, 2010 both co-defendants were at Defendant's home and Defendant just decided on the spur of the moment that they would drive to the mall in Defendant's family van to involve themselves in the car-jacking. Defendant drove his co-defendants in his step-father's van (Gov Exh 4) to the mall parking lot. Each of the co-defendants was armed; one with a loaded Bersa .45 automatic handgun and the other with a loaded Silver Springfield model compact 1911 .45 caliber handgun. They spotted a Chevy Caprice with custom wheels with a child strapped into a car seat in the back seat and a man and a woman about to get into the car. The two armed men approached, each holding one adult at gunpoint. The woman pleaded with the gunman to let her child live, handing over the keys to the car to one gunman as she reached for her baby. The other gunman held the male victim at gunpoint and instructed him to walk southwards. The two armed men got into the Chevy Caprice and drove away, with the converted van close behind them, driven by the defendant. A security guard called the police who were there immediately and gave chase to the Chevy Caprice. The conversion van was close by, but as the police closed in on the Chevy Caprice, the conversion van, driven by Defendant, took off in another direction. Both co-defendants (Washington and Richardson) were immediately apprehended and placed under arrest.

On July 29, 2010 Defendant was indicted for aiding and abetting his co-defendants, Washington and Richardson, and for soliciting the car-jacking for money from the sale of the wheels. An arrest warrant was issued. On August 6 agents went to Defendant's home looking for him and told his mother, step-father, brother, and aunt that he was wanted in connection with a car-jacking; they were told that Defendant wasn't there.

For two weeks Defendant eluded the authorities. Ultimately their investigation led them to Lansing, MI where they found Defendant and his girlfriend and their four year old son temporarily housed in a back room at Defendant's uncle's house. Defendant complimented the agents on their investigative prowesses and submitted to arrest without incident.

Defendant waived his Miranda rights and made a statement that that he decided to go to the mall at Eight Mile Road and Gratiot on March 14, 2010 to accomplish an armed car-jacking with his friends Washington and Richardson agreeing to participate. He admitted that he drove his stepfather's conversion van and dropped off his two friends, each armed with a handgun, in the parking lot where they car-jacked the two adult victims and the baby at gunpoint and then drove away the orange Chevy Caprice, with Defendant following close behind in the van. The van is depicted in the Government's Exhibit 4 taken from a video from the moving scout car.

Defendant's criminal record is replete with 7 failures to appear and 7outstanding warrants for failure to appear. Defendant clearly chooses to violate orders of the court and has no respect for the court system of justice.  Even if one were to argue that the 7 active warrants are not evidence of risk of flight in the instance case, the fact that he fled from his home and eluded police for weeks/months after they spoke with his family and hid out at his uncle's house in Lansing is indicative of this Defendant's propensity to flee.

As to danger, the indictment charges a crime of extraordinary violence. This Defendant enticed his co-defendants to go to a mall, armed with handguns, in broad daylight and to hold at gunpoint a man and a woman and their baby while stealing their car so that they could sell the custom wheels for money. He has been convicted of Felony Carrying a Concealed Weapon and was sentenced to two years in prison in 2007.  He was convicted of Larceny From a Person and was placed in the HYTA program, but had his status revoked because of new criminal activity.  His three year probationary period in 2006 (Defendant was convicted of receiving and stealing stolen property) was terminated without improvement. The deterrent effect of his various criminal sentences seems to have been lost on him.

As stated above, this is a presumption case.  Defendant has failed to rebut the presumption. Defendant asks that he be put on a tether and returned to his mother's home on Hamburg Street to live.  This court has no confidence that Defendant would obey the orders of this Court or any conditions of bond were he returned to the Hamburg address, as he has failed no less than on seven occasions to comply with the orders of other courts while residing in that same environment.  Third party custody would not be appropriate to anyone residing at the Hamburg address under the facts alleged in this case.

There is no condition or combination of conditions of bond that would reasonably assure this Defendant's appearance in court or would protect the safety of the community. Defendant is deemed to be both a flight risk and a danger to the community. Detention is Ordered.