**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                    Plaintiff,                  Criminal Case No. 10-20198
                                          HON. DENISE PAGE HOOD

v.

WILLIAM BEAL (D-3),

                    Defendant,

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR JUDICIAL**
**RECOMMENDATION FOR LENGTH OF RCC/HALFWAY HOUSE**
**PLACEMENT [#182]**

On April 22, 2013, the Court sentenced Defendant William Beal ("Beal") to

a term of imprisonment followed by a term of supervised release. Beal is currently

serving his term of imprisonment at a Federal Correction Institution, and his

projected release date is June 15, 2019. On June 22, 2017, Beal filed the instant

Motion for Judicial Recommendation for Length of RRC/Halfway House

Placement. (Doc # 182) The Government filed a Response on July 10, 2017.

(Doc # 184)

Through the instant Motion, Beal requests a judicial recommendation that

the Federal Bureau of Prisons ("FBOP") place him in a Residential Reentry Center

("RRC") for the maximum period of the twelve months preceding his projected

release date. Beal states that such a placement would help him get "on the right track," reintegrate into the community, and be there for his child. Beal notes that, upon his release, he will have to start over with nothing and does not have a strong support system of people to help him. Beal has taken available classes, and he plans to take additional classes in a trade and to attend Wayne State Community College.

The Government responds that the judicial recommendation Beal seeks would not be binding because the FBOP retains sole discretion. The Government further responds that this Court should instead modify Beal's conditions of supervised release because the Court could order, independently from the FBOP, that Beal serve some portion of his supervised release at an RRC. Beal has not made such a request; rather, he seeks to serve the last year of his term of imprisonment at an RRC—not his term of supervised release.

After review of the Motion and the Response, the Court finds that Beal has failed to demonstrate that he is entitled to relief he seeks. It is now over four years after the entry of Judgment and well beyond the time to amend the Judgment. *See* Fed. R. Crim. P. 35; 59; *see also United States v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990) (explaining that judgments ordinarily become final and unreviewable when the time for appeal and reconsideration has expired). The Court further notes that the FBOP has plenary authority to determine date of release and/or any pre-

release pursuant to 18 U.S.C. § 3624 and the factors in 18 U.S.C. § 3621(b). *See*

*Tapia v. United States*, 564 U.S. 319, 331 (2011). Beal has not shown that the

FBOP failed to consider the factors in 18 U.S.C. § 3621(b) in making an individual

determination as to his RRC placement date.

For the reasons set forth above,

IT IS ORDERED that Defendant William Beal's Motion for Judicial

Recommendation for Length of RRC/Halfway House Placement (Doc # 182) is

DENIED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 3, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager